HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN ALLEN MCCRACKEN,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C16-5468 RBL

ORDER

THIS MATTER is before the Court on Petitioner McCracken's First, Second, and Third Motions to Re-Open [Dkt. #s 34, 36, and 38]. McCracken was convicted in 2012 *See U.S. v. McCracken*, Cause No. 11-cr-5295RBL. He appealed, and his conviction was affirmed. In 2015, he moved for a new trial. That motion was denied, and he appealed. The Ninth Circuit again affirmed [*See* Dkt. # 190 in the criminal case].

McCracken filed a petition under 28 U.S.C. § 2255 (this case) in June 2016. After delays relating to his second appeal, this Court denied McCracken's § 2255 petition in late 2017. [Dkt. # 28]. It denied McCracken's request for a Certificate of Appealability. [Dkt. # 32]. McCracken

ORDER - 1

appealed to the Ninth Circuit, which similarly denied a Certificate of Appealability [Dkt. # 33], and terminated his appeal.

McCracken has now filed six[1] Motions to re-open under Fed. R. Civ. P. 60(b). Each contains claims and arguments he has made before. And, as the government points out in its Response to each Motion, each of these issues has been rejected before.

McCracken's First Motion relates to "Ground 27" of his § 2255 petition, which relates to the admission of prior bad acts and his claim that he received ineffective assistance of counsel. It points out correctly that both issues were addressed by the Court and the admission of the prior drug sales was addressed on appeal. "Ground 27" does not entitle McCracken to yet another bite at the apple on this issue. His First Motion to Re-Open [**Dkt. # 34**] is **DENIED**.

McCracken's Second Motion relates to Grounds 37-47, which related to ineffective assistance at sentencing and an implausible claim of actual innocence. The government correctly points out that these issues too were addressed before, and rejected. S*ee United States v. Scrivener*, 189 F.3d 825, 828 (9th Cir 1999) (claims decided on direct appeal cannot be re-litigated in § 2255 motion). McCracken's Second Motion [**Dkt. # 36**] is **DENIED**.

McCracken's Third Motion relates to his claim that the Court "failed to rule" on Grounds 1 and 2 of his § 2255 Petition. The grounds relate to his attorneys failure to file a Rule 33 Motion for a new trial, following his conviction (and his appellate attorney's failure to file one based on new evidence). These are ineffective assistance claims, which the Court did address and reject in

---

[1] McCracken is filing serial Rule 60(b) motions. The Court will address the more recent versions when the government has responded to them, but Court is not going to entertain (or require the government to respond to) an unlimited volume of post-trial, post-appeal, post-habeas motions.

December 2017. For this reason, and for the additional reasons articulated by the government, this Motion [**Dkt. # 38**] is **DENIED**.

IT IS SO ORDERED.

Dated this 12th day of December, 2018.

_____
Ronald B. Leighton
United States District Judge